MURRAY B. STONE ET AL., PLAINTIFFS-APPELLANTS, v. WILLIAM STEINEN MFG. CO., DEFENDANT-RESPONDENT.

Argued October 3, 1944—Decided April 30, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the plaintiffs-appellants, *Milton M. Unger*.

For the defendant-respondent, *Pitney, Hardin & Ward*.

The opinion of the court was delivered by

DONGES, J.   This appeal brings up a judgment of the Essex County Circuit Court in favor of defendant, in a suit to recover two weekly installments of $400 each, on an agreement admittedly executed by the parties.

The case was tried before Judge William A. Smith, sitting without a jury. His findings are reported in 22 *N. J. Mis. R.* 353; 39 *Atl. Rep.* (*2d*) 241.

The facts are fully stated in the opinion of Judge Smith and need not be gone into at length herein.

Two questions are raised on this appeal, namely, that it was error to refuse to grant plaintiff's motion to strike the first and second defenses of defendant's answer alleging that the contract was illegal and contrary to public policy, and

that it was error to enter judgment for defendant instead of for the plaintiffs.

Plaintiffs argue that, inasmuch as the trial court struck the defendant's counter-claim seeking to recover the amount of payments made under the contracts between the parties, upon the ground of illegality of the contract, the defenses should have been struck. No appeal is taken by the defendant from the striking of the counter-claim and we are not called upon to pass upon its propriety. The court struck the counter-claim on the ground of the illegality of the contract, and the parties were thereby left where the court found them, denying to both any right of recovery inasmuch as they were *in pari delicto*. This, however, did not affect the validity and sufficiency of the defenses raised in the answer of defendant as to the legality of the contracts. We conclude that there was no error in the court's refusal to strike the designated defenses.

Judge Smith properly held that the instant case was to be determined by him as one of fact upon the testimony and evidence presented. He concluded that the provision of the contract for employment of plaintiffs on a salary basis instead of a percentage, based upon the contracts obtained from the United States Navy Department, was a mere blind, and that the contract sued on and the consideration on which it was based is void as against public policy. This conclusion is amply supported by the evidence and the applicable law. *Weehawken Realty Co.* v. *Hass,* 13 *N. J. Mis. R.* 231; *Noble* v. *Mead-Morrison Manufacturing Co.,* 129 *N. E. Rep.* 669; *Brooks* v. *Cooper,* 50 *N. J. Eq.* 761.

The judgment under review is affirmed, with costs.